MORGAN, LEWIS & BOCKIUS LLP
Melinda S. Riechert, Bar No. 65504
1400 Page Mill Road
Palo Alto, California 94304
Telephone:  +1.650.843.4000
Facsimile:  +1.650.843.4001
melinda.riechert@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Amy A. McGeever, Bar No. 296758
One Market, Spear Street Tower
San Francisco, California 94105-1596
Tel: +1.415.442.1000
Fax: +1.415.442.1001
amy.mcgeever@morganlewis.com

Attorneys for Defendant
ASTRAZENECA PHARMACEUTICALS, LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERI JEPSEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ASTRAZENECA PHARMACEUTICALS, LP, a limited partnership; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  3:20-cv-07428<br><br>**DEFENDANT ASTRAZENECA PHARMACEUTICALS, LP'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332 and 1441]**<br><br>**Diversity Jurisdiction** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1                                   Case No.
NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. sections 1332 and 1441, Defendant AstraZeneca Pharmaceuticals, LP (hereinafter, "AstraZeneca" or "Defendant") hereby removes the above-entitled action from the San Mateo County Superior Court to the United States District Court for the Northern District of California. Removal is based on the following grounds:

**I.      PROCEDURAL BACKGROUND.**

1.      On September 16, 2020, Plaintiff, Sheri Jepsen ("Plaintiff") filed a complaint in the Superior Court of the State of California, County of San Mateo, entitled *Sheri Jepsen v. AstraZeneca Pharmaceuticals, LP and DOES 1 through 10, inclusive*, Case No. 20-CIV-03967 (the "Complaint"). Plaintiff alleges the following causes of action: (1) Discrimination in Violation of California Government Code §§ 12940, *et seq.*; (2) Failure to Accommodate in Violation of California Government Code §§ 12940, *et seq.*; (3) Failure to Engage in the Interactive Process in Violation of California Government Code §§ 12940, *et seq.*; (4) Failure to Reinstate and/or Retaliation for Taking Protected Leave in Violation of California Government Code §§ 12945.2; (5) Breach of Contract; (6) Failure to Pay wage in Violation of Labor Code § 201; and (7) Waiting Time Penalties Pursuant to Labor Code § 203. A copy of Plaintiff's Complaint is attached to this Notice as **Exhibit A**.

2.      On or about September 22, 2020, Plaintiff served Defendant's Agent with copies of the Summons, Complaint, Civil Case Cover Sheet and Notice of Case Management Conference. Copies of the Summons, Civil Case Cover Sheet, and Service of Process Transmittal Sheet are attached to this Notice as **Exhibit B**.

3.      On or about October 21, 2020, Defendant filed its Answer in the Superior Court of the State of California, County of San Mateo. A copy of Defendant's state court Answer is attached to this Notice as **Exhibit C**.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2                                                             Case No.
NOTICE OF REMOVAL

## II. REMOVAL IS TIMELY.

4. Pursuant to 28 U.S.C. section 1446(b), removal is timely because Defendant has filed this Notice of Removal within thirty (30) days of service of Plaintiff's Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

5. No previous Notice of Removal has been filed for the relief sought in this action.

## III. THE COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(A).

6. This matter is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. section 1332, and this matter may be removed to this Court under the provisions of 28 U.S.C. sections 1441(a) and (b) in that the amount in controversy exceeds $75,000, exclusive of interest and costs; the action involves citizens of different States; and no properly joined defendant is a citizen of California.

### A. Complete Diversity of Citizenship Exists Between the Parties.

7. A case may be heard in federal court under diversity jurisdiction if there is complete diversity, i.e., all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a). A defendant may remove an action to federal court under 28 U.S.C. § 1332, provided no defendant is a citizen of the same state in which the action was brought or of the same state in which the plaintiff is a citizen. 28 U.S.C. § 1441(a), (b).

8. Complete diversity exists here between Plaintiff and Defendant because Plaintiff and Defendant are citizens of different states. Further, in compliance with 28 U.S.C. § 1441(b)(2), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought."

#### 1. Plaintiff Is a Citizen of California.

9. "An individual is a citizen of the state in which he is domiciled …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000) *(*citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

10. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011). Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any, in order to dispute domicile. *Id.*

11. In her Complaint, Plaintiff alleges that she "was a resident of the City and County of Fresno" California. *See* Ex. A, Compl., ¶ 2. Plaintiff does not allege in her Complaint any alternate state of citizenship and does not state any facts that would support that she is a citizen of another state. Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.

### 2. Defendant Is a Citizen of the State of Delaware

12. For purposes of establishing diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (concluding that a corporation's principal place of business is the "nerve center" where corporate officers direct, control, and coordinate corporate activities).

13. Defendant AstraZeneca Pharmaceuticals, LP is incorporated and has its principal place of business in Delaware. *See* Declaration of Richard J. Kenny, attached as **Exhibit D**.

14. Therefore, based on the Complaint, Plaintiff is not a resident of Delaware and is a citizen of a state different than Defendant. As a result, diversity jurisdiction exists. 28 U.S.C. § 1332.

### 3. The Citizenship of Fictitious "Doe" Defendants Is Irrelevant for Purposes of Removal.

15. In compliance with 28 U.S.C. § 1441(b)(2), "none of the parties in interest properly joined and served as Defendant is a citizen of the State in which [this] action is brought." Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendant sued under a fictitious name shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded).

16. Because Plaintiff and Defendant are not citizens of the same state and Defendant is not a citizen of California, diversity of citizenship exists.

### B. The Amount in Controversy Exceeds $75,000.

17. Federal district courts have original jurisdiction over civil actions where the amount in controversy of at least one of the plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000, exclusive of interest and costs. *Sanchez v. Monumental Life Ins. Co.*, 825 F. Supp.2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and therefore, claims of single plaintiff are aggregated in order to satisfy amount in controversy).

18. A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014).

19. In measuring the amount in controversy, the Court must assume that the Complaint's allegations are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put in controversy by the plaintiff's Complaint, not what a defendant will actually owe. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (denying plaintiff's motion for remand). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Id.* at 1204–05. Similarly, a removal notice does not need to contain evidentiary submissions. *Dart*, 574 U.S. 81 at 95 (holding the District Court erred in remanding for want of an evidentiary submission).

20. Here, Plaintiff alleges in her Complaint that she has suffered damages including compensatory damages for wages, salary, bonuses and other benefits; emotional distress damages; civil and/or statutory penalties; reasonable attorneys' fees and costs; restitution and/or disgorgement of all compensation, benefits, or others amounts wrongfully obtained and/or

withheld; punitive damages; and waiting time penalties.  See **Ex. A**, Compl., Prayer for Relief, ¶¶ 1-7.

21.     In determining whether the jurisdictional minimum is met, courts consider all alleged recoverable damages, including emotional distress damages, punitive damages and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347–48 (1977) (superseded by statute on other grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).

22.     While Defendant denies Plaintiff's factual allegations and denies that Plaintiff is entitled to the relief she seeks in her Complaint, it is clear that the amount in controversy exceeds $75,000.[1]

23.     Plaintiff alleges she has suffered damages including "losses in earning and other employment benefits." **Ex. A**, Compl., ¶¶ 30, 39, 48, 55, and 62.  Lost earnings and benefits are included in the amount-in-controversy calculation. *See*, *e.g.*, *Melendez v. HMS Host Family Rest., Inc.*, No. CV 11-3842, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from date of alleged adverse employment action to anticipated date of judgment in amount-in-controversy calculation); *Rivera v. Costco Wholesale Corp.*, No. C 08-02202, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal). Assessing a plaintiff's anticipated lost wages over a one-year period—from the filing of the Complaint to the expected date of judgment, for example—has been deemed reasonable. *See*, *e.g.*, *Melendez*, 2011 WL 3760058, at *2; *Rivera*, 2008 WL 2740399, at *1, 3.

---

[1] This Notice of Removal discusses the nature and amount of damages and penalties placed at issue by Plaintiff's Complaint. Defendant's references to specific damage or penalty amounts and citations to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff. Defendant specifically denies that Plaintiff has suffered any damages as a result of any act or omission by Defendant or that Defendant engaged in any conduct that would justify awarding the damages or imposing the statutory penalties Plaintiff seeks. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages or penalties based upon the allegations contained in the Complaint or otherwise.

24. At the time of hiring, Plaintiff earned a salary of $181,000 exclusive of bonuses and stock grants per year. **Ex. A**, Compl., ¶ 9. A jury trial in this case likely would not occur for one to two years from the date of removal. *See* United States District Courts – National Judicial Caseload Profile for the Northern District of California, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2019.pdf (reflecting a median time of 27.8 months from filing date to trial date in civil cases in the Northern District of California). Using the median estimate of only 27 months between the date of filing and the entry of judgment in this matter (which we conservatively assume will happen in December 2022), Plaintiff's damages for lost wages alone would total at least $407,250.[2] This is exclusive of any bonuses or stock grants. This amount alone exceeds the jurisdictional requirement.

25. Plaintiff also alleges emotional distress damages. *See*, *e.g.*, **Ex. A,** 30, 39, 48, 55, and 62. More specifically, Plaintiff alleges she has suffered "emotional distress, humiliation, pain and suffering." *See*, *id*. Courts have held that such allegations are sufficient to satisfy the amount-in-controversy requirement. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031–35 (N.D. Cal. 2002) (holding that plaintiff's damage claims, including lost wages, medical expenses, emotional distress, and attorneys' fees, were enough to put the amount in controversy above $75,000). Indeed, plaintiffs alleging emotional distress regularly seek—and courts regularly uphold—damage awards exceeding $75,000 for such damages. *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (upholding jury award in excess of $75,000 for emotional distress damages in a single-plaintiff age-discrimination case); *Silo v. CHW Med. Found.*, 86 Cal. App. 4th 947, 955 (2001) (upholding jury award in excess of $75,000 for noneconomic damages in a wrongful termination lawsuit); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (upholding a jury award in excess of $75,000 for noneconomic damages).

26. Plaintiff also requests an unspecified amount in punitive damages. Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity

---

[2] Plaintiff's lost wages are calculated as follows: $181,000/year ÷12 months = $15,083.33/month. $15,083.33/month x 27 months = $407,250.

jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law).

27. California juries have returned verdicts with substantial punitive damage awards in employment discrimination actions. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"). Thus, Plaintiff's claim for punitive damages places an even greater amount in controversy.

28. Plaintiff also seeks to recover an unspecified amount of attorneys' fees. Courts have held that an award of attorneys' fees, if such fees are authorized, may be considered for purposes of calculating the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 697–98 (9th Cir. 2007) (attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)). Here, Plaintiff brings claims under the Fair Employment and Housing Act, which allows a "prevailing party" to recover reasonable attorneys' fees. Cal. Gov. Code § 12965(b) ("[T]he court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs, including expert witness fees"); *Simmons*, 209 F. Supp. 2d at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14–09154–AB, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (finding $300 per hour to be a "reasonable rate" for attorneys' fees in employment cases and 100 hours to take a case to trial to be a "conservative" estimate; therefore, attorneys' fees in employment cases "may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)").

29. While Defendant denies any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action (lost wages, punitive damages, attorneys' fees), the amount in controversy in this case well exceeds $75,000, exclusive

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8                                  Case No.
NOTICE OF REMOVAL

of interest and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F. 3d 373, 376-377 (9th Cir. 1997) (holding that where a complaint does not allege a specific dollar amount, the case is removable if the removing defendant shows by a preponderance of the evidence that the jurisdictional amount is present); *see also Simmons*, 209 F. Supp. 2d at 1031–35 (holding that Plaintiff's damages claim, including lost wages, medical expenses, emotional distress and attorneys' fees, was enough to put the amount in controversy above $75,000).

### IV.     ALL OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

30.     The pleadings attached to this Notice as **Exhibits A-C** constitute all the process, pleadings, and orders filed in this action to date in San Mateo County Superior Court.

31.     Venue is proper in this district pursuant to 28 U.S.C. section 1441(a) because this district encompasses the county in which this removed action has been pending.

32.     Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

33.     If any questions arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

34.     By this Notice of Removal and the exhibits hereto, Defendant does not intend to make any admissions of fact, law or liability relating to the claims in the Complaint and it expressly reserves the right to assert any and all defenses against Plaintiff's allegations.

///
///
///
///
///
///
///
///

## V. **CONCLUSION.**

35. Wherefore, Defendant respectfully requests that this action be removed from the San Mateo County Superior Court to the United States District Court for the Northern District of California, and that all future proceedings in this matter take place in the United States District Court for the Northern District of California.

Dated: October 22, 2020    MORGAN, LEWIS & BOCKIUS LLP

BY  */s/ Melinda S. Riechert*
Melinda S. Riechert
Amy A. McGeever

Attorneys for Defendant
ASTRAZENECA PHARMACEUTICALS, LP