# EXHIBIT A

1   ROBERT S. NELSON (SBN 220984)
    NELSON LAW GROUP
2   345 West Portal Avenue, Suite 110
    San Francisco, CA 94127
3   (415) 702-9869 (phone)
    (415) 592-8671 (fax)
4   rnelson@nelsonlawgroup.net

5   Attorneys for Plaintiff SHERI JEPSEN

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SAN MATEO

10

11  SHERI JEPSEN, an individual,          Case No. ~~TBD~~   20-CIV-03967

12              Plaintiff,                 **COMPLAINT FOR DAMAGES FOR:**

13       v.                                (1) **Discrimination in Violation of**
                                               **California Government Code**
14  ASTRAZENECA PHARMACEUTICALS                **§§12940,** *et seq.***;**
    LP, a limited partnership; and DOES 1  (2) **Failure to Accommodate in**
15  through 10, Inclusive,                     **Violation of California**
                                               **Government Code §§12940,** *et*
16              Defendants.                     *seq.***;**
                                           (3) **Failure to Engage in the**
17                                             **Interactive Process in Violation of**
                                               **California Government Code**
18                                             **§§12940,** *et seq.***;**
                                           (4) **Failure to Reinstate and/or**
19                                             **Retaliation for Taking Protected**
                                               **Leave in Violation of California**
20                                             **Government Code §12945.2;**
                                           (5) **Breach of Contract;**
21                                         (6) **Failure to Pay Wages in Violation**
                                               **of Labor Code §201; and**
22                                         (7) **Waiting Time Penalties Pursuant**
23                                             **to Labor Code §203**

24

25                                         **JURY TRIAL DEMANDED**

26

27

28

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON    9/16/2020
By    */s/ Wai Shan Lee*
      Deputy Clerk

Plaintiff SHERI JEPSEN ("Plaintiff"), by and through her attorneys of record, the Nelson Law Group, hereby complains against Defendant ASTRAZENECA PHARMACEUTICALS LP ("AstraZeneca"), and DOES 1 through 10, as follows:

## NATURE OF THE ACTION

1.      This action is brought for disability discrimination in violation of California Government Code §12940, *et seq.*; failure to accommodate disability and/or engage in the interactive process, also in violation of California Government Code §12940, *et seq.*; failure to reinstate after use of legally-mandated leave, in violation of Government Code §12945; retaliation in violation of Government Code §12945.2; breach of contract; failure to pay wages and waiting time penalties pursuant to California Labor Code §§201 and 203.

## JURISDICTION AND VENUE

2.      Plaintiff is a natural person who at the time relevant to this Complaint was a resident of the City and County of Fresno.

3.      Plaintiff is informed and believes, and on that basis alleges, that Defendant AstraZeneca Pharmaceuticals LP is a limited partnership headquartered in Delaware that is authorized to do business in California, and in fact doing business in the City and County of South San Francisco.

4.      Plaintiff does not know the true names and capacities of those defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege the unnamed defendants' true names and capacities, whenever they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued herein as Does 1 through 10, inclusive, is in some manner legally responsible for the wrongful acts and/or omissions alleged herein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      On September 16, 2020, Plaintiff applied for, and received, a right-to-sue notice from the California Department of Fair Employment ("DFEH") for her claims arising from the California Fair Employment and Housing Act. A true and correct copy of the right-to-sue notice

2

Plaintiff obtained is attached to this Complaint as Exhibit 1.

## STATEMENT OF FACTS

6.      Plaintiff is an accomplished pharmaceutical professional who has worked in the field for more than 20 years.  She has worked in various aspects of the field, including sales, marketing and management, for well-known companies such as Schering Plough, Roche and Genentech.

7.      AstraZeneca is a multinational pharmaceutical and biopharmaceutical company based in England, but with substantial operations in the United States, including in California. AstraZeneca has recently been in the news for receiving more than a billion dollars in federal funding to attempt to develop a vaccine for COVID 19.

8.      In September 2014, Plaintiff was hired by MedImmune, an AstraZeneca subsidiary.  Her position was "Director-Oncology Field Reimbursement." She reported to Blaine Squires, Executive Director of Access Services, and Dan McCollum, Senior Director of Field Reimbursement.

9.      Plaintiff's employment with MedImmune/AstraZeneca was governed by a written offer letter, dated August 13, 2014. (Exh. 2).  It specified that Plaintiff would be paid, on an annual basis: (i) a set salary (starting at $181,000); (ii) a performance bonus of up to 25 percent of her salary; and (iii) stock grants of up to 40 percent of salary.

10.     As a condition of employment, MedImmune/AstraZeneca also required Plaintiff to execute a written Employee Agreement ("Agreement") that purportedly required her to arbitrate any disputes she had against the company(ies) related to her employment. (Exh. 3). MedImmune/AstraZeneca drafted the Agreement, with no input from Plaintiff.  Plaintiff also was unable to find anything on MedImmune's company web site detailing policies and/or procedures for employment arbitrations, as referenced in the Agreement.

11.     Plaintiff received annual performance reviews each year that she worked for MedImmune/AstraZeneca.  Prior to 2019, all her annual reviews were good, rating her overall work at a level of 3 on a scale of 5.

3

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

12.     In (or around) September 2018, AstraZeneca asked Plaintiff to participate in a job cross-training program whereby she would switch positions with another employee for a specified period.  Employees had to be in good standing in order to participate in this program.

13.     Plaintiff was assured that, if she accepted the job switch, there would be no changes to her compensation structure, including salary and bonus.  In reliance on that promise, Plaintiff was switched into the position of National Account Director-Specialty Pharmacy, reporting to Jeff Kohout.

14.     Plaintiff worked without incident in her new role for several months.  She never received any formal written warnings or reprimands indicating that her work was not satisfactory.

15.     Plaintiff suffers from multiple sclerosis, which she was first diagnosed with approximately 15 years ago.  Plaintiff told multiple co-workers at AstraZeneca about this condition.

16.     In February 2019, Plaintiff was also diagnosed with severe depression and began seeing a therapist.  On March 5, 2019, during a meeting in Philadelphia, Plaintiff had a depressive episode in front of Mr. Kohout.  Plaintiff then specifically told Mr. Kohout that she was seeing a therapist for depression.

17.     In (or around) late May 2019, Plaintiff was at a convention in Las Vegas when she suffered another depressive episode which prevented her from leaving her hotel room for a time.  Although Plaintiff had been hoping to schedule a lunch with prospective customers at the time she was experiencing the episode, she never actually confirmed the plans so remained in her hotel room while she was incapacitated.

18.     Shortly after returning from the trip, Plaintiff formally requested a medical leave from AstraZeneca.  She was then on medical leave, pursuant to the federal Family Medical Leave Act ("FMLA") and/or the California Family Rights Act ("CFRA") until late August 2019.

19.     Plaintiff formally returned to work on August 19, 2019.  That same day, she was asked to join a conference call with her managers.  During the call, Plaintiff was informed that she would not be allowed to return to either her rotation job or the Director job she had

4

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

previously, but rather would be placed in a Field Reimbursement Manager role in Fresno, a significant demotion. Plaintiff was told that the move was "best for [her] personally and professionally," or words to that effect, and that it was not because she had taken FMLA/CFRA leave. Plaintiff was also told that her employment at AstraZeneca would be terminated if she did not accept the demotion.

20.    With no real choice, Plaintiff consented to take the manager job. She was subsequently informed that both her annual bonus and stock grants would be lowered from 25 and 40 percent, respectively, to 20 percent each for both bonus and stock. Plaintiff was told that her bonus and stock thresholds had already been lowered when she accepted her transition job, even though she was previously told that there would be no changes to her compensation when she transitioned.

21.    Plaintiff subsequently received bonuses calculated at the lower levels. She also eventually resigned from AstraZeneca, rather than continue in a diminished role.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Disability Discrimination in Violation of Cal. Gov. Code §§12940, *et seq.*)

Plaintiff re-alleges and incorporates by reference herein all allegations previously made in Paragraphs 1 through 21, above.

22.    At all times relevant to this Complaint, Plaintiff and AstraZeneca were subject to the California Fair Employment and Housing Act, Government Code §§12940 *et seq.*

23.    At all times relevant to this Complaint, AstraZeneca was the "employer" of Plaintiff, as that term is defined by the California Fair Employment and Housing Act, Government Code §§12926 and 12940.

24.    At all times relevant to this Complaint, Plaintiff was an "employee" of AstraZeneca, as that term is defined by the California Fair Employment and Housing Act, Government Code §§12940 and 12945.

25.    At all times relevant to this Complaint, Plaintiff performed her job duties at

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

AstraZeneca admirably.

26.     Plaintiff suffered an adverse employment action at the hands of AstraZeneca, namely, Plaintiff was demoted to a lesser job after she developed depression and had to take a medical leave and, as a result, was eventually constructively discharged.

27.     Plaintiff's depression qualified as a protected disability under applicable state law.

28.     AstraZeneca unlawfully demoted Plaintiff because of her disability.

29.     The actions of AstraZeneca constitute unlawful disability discrimination and furthermore violate Plaintiff's rights under California Government Code Section 12940(a).

30.     As a direct result of this discrimination, Plaintiff has suffered damages and injury in amounts not yet fully ascertained, but in excess of the jurisdictional minimum of this Court, including, but not limited to, losses in earnings and other employment benefits, emotional distress, humiliation and pain and suffering.

31.     The above-described actions of AstraZeneca were malicious, oppressive, willful and fraudulent.

WHEREFORE Plaintiff prays for judgment against AstraZeneca, as set forth herein.

## SECOND CAUSE OF ACTION

**(Failure to Accommodate Disability in Violation of Cal. Gov. Code §§12940, *et seq.*)**

Plaintiff re-alleges and incorporates by reference herein all allegations previously made in Paragraphs 1 through 31, above.

32.     At all times relevant to this Complaint, Plaintiff and AstraZeneca were subject to the California Fair Employment and Housing Act, Government Code §§12940 *et seq.*

33.     At all times relevant to this Complaint, AstraZeneca was the "employer" of Plaintiff, as that term is defined by the California Fair Employment and Housing Act, Government Code §§12926 and 12940.

34.     Plaintiff suffered from a "disability," as that term is defined under applicable law; namely, Plaintiff had both multiple sclerosis and severe depression.

35.     AstraZeneca knew of Plaintiff's disability(ies) and in fact regarded Plaintiff as

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

disabled.

36.     Plaintiff was able to perform the essential functions of her job with AstraZeneca with reasonable accommodation of her disability.

37.     AstraZeneca failed to reasonably accommodate Plaintiff's disability(ies).

38.     Plaintiff's conditions qualified as protected disabilities under applicable state law.

39.     As a direct result of AstraZeneca's failure to accommodate and/or engage in an interactive process, Plaintiff has suffered damages and injury in amounts not yet fully ascertained, but in excess of the jurisdictional minimum of this Court, including, but not limited to, losses in earnings and other employment benefits, emotional distress, humiliation and pain and suffering.

40.     The above-described actions of AstraZeneca were malicious, oppressive, willful and fraudulent.

WHEREFORE Plaintiff prays for judgment against AstraZeneca, as set forth herein.

### THIRD CAUSE OF ACTION

**(Failure to Engage in Interactive Process in Violation of Cal. Gov. Code §§12940, *et seq.*)**

Plaintiff re-alleges and incorporates by reference herein all allegations previously made in Paragraphs 1 through 40, above.

41.     At all times relevant to this Complaint, Plaintiff and AstraZeneca were subject to the California Fair Employment and Housing Act, Government Code §§12940 *et seq.*

42.     At all times relevant to this Complaint, AstraZeneca was the "employer" of Plaintiff, as that term is defined by the California Fair Employment and Housing Act, Government Code §§12926 and 12940.

43.     Plaintiff suffered from a "disability," as that term is defined under applicable law; Plaintiff had both multiple sclerosis and severe depression.

44.     AstraZeneca knew of Plaintiff's disability(ies) and in fact regarded Plaintiff as disabled.

45.     Plaintiff requested that AstraZeneca make reasonable accommodation for her disability(ies) so she would be able to perform the essential functions of her job.

7

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

46.     Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements.

47.     AstraZeneca failed to participate in a timely, good-faith interactive process with Plaintiff to determine if reasonable accommodation could be made.

48.     As a direct result of AstraZeneca's failure to engage in an interactive process, Plaintiff has suffered damages and injury in amounts not yet fully ascertained, but in excess of the jurisdictional minimum of this Court, including, but not limited to, losses in earnings and other employment benefits, emotional distress, humiliation and pain and suffering.

49.     The above-described actions of AstraZeneca were malicious, oppressive, willful and fraudulent.

WHEREFORE Plaintiff prays for judgment against AstraZeneca, as set forth herein.

### FOURTH CAUSE OF ACTION

**(Failure to Reinstate and/or Retaliation in Violation of Cal. Gov. Code §12945.2(a), *et seq.*)\**

Plaintiff re-alleges and incorporates by reference herein all allegations previously made in Paragraphs 1 through 49, above.

50.     At all times relevant to this Complaint, Plaintiff and AstraZeneca were subject to the California Fair Employment and Housing Act, Government Code §§12940 *et seq.*

51.     At all times relevant to this Complaint, AstraZeneca was the "employer" of Plaintiff, as that term is defined by the California Fair Employment and Housing Act, Government Code §§12926 and 12940.

52.     At all times relevant to this Complaint, Plaintiff was an "employee" of AstraZeneca, as that term is defined by the California Fair Employment and Housing Act, Government Code §§12926 and 12940.

53.     In (or around) late May 2019, Plaintiff was permitted to take disability leave, pursuant to the FMLA and/or the CFRA.  At that point, Plaintiff was entitled to take leave pursuant to the FMLA/CFRA, and to also be restored to her previous job after taking her leave.

8

54.     However, upon Plaintiff's returning from leave in (or around) August 2019, AstraZeneca demoted her, in retaliation for her taking leave.

55.     As a direct result of AstraZeneca's retaliation and/or failure to reinstate Plaintiff to her job, Plaintiff has suffered damages and injury in amounts not yet fully ascertained, but in excess of the jurisdictional minimum of this Court, including, but not limited to, losses in earnings and other employment benefits, emotional distress, humiliation and pain and suffering.

56.     The above-described actions of AstraZeneca were malicious, oppressive, willful and fraudulent.

WHEREFORE Plaintiff prays for judgment against AstraZenecas as set forth herein.

## FIFTH CAUSE OF ACTION

### (Breach of Contract)

Plaintiff re-alleges and incorporates by reference herein all allegations previously made in Paragraphs 1 through 56, above.

57.     At all times relevant to this Complaint, there existed a valid written agreement between Plaintiff and AstraZeneca regarding the compensation Plaintiff was guaranteed to receive during her employment; including any bonus(es) Plaintiff was entitled to

58.     The terms of the bonus entitlement are incorporated by reference, as if fully stated herein, and are attached as Exhibit 2 to this Complaint.

59.     The relevant terms of the PEA are that Plaintiff would be paid, on an annual basis: (i) a set salary (starting at $181,000); (ii) a performance bonus of up to 25 percent of her salary; and (iii) stock grants of up to 40 percent of salary.

60.     Plaintiff duly performed all obligations and conditions precedent to all benefits she was owed under the bonus plan.

61.     AstraZeneca breached the agreement by refusing to pay Plaintiff the bonus she was entitled to pursuant to the bonus plan, incorporated by reference as Exhibit 2.

62.     As a proximate result of AstraZeneca's breach of the bonus plan, Plaintiff has suffered and will continue to suffer substantial lost wages, income or other amounts and benefits

9

to which she was entitled under the parties' agreement.

WHEREFORE Plaintiff prays for judgment against AstraZeneca, as set forth herein.

## SIXTH CAUSE OF ACTION

### ( Unpaid Wages)

Plaintiff re-alleges and incorporates by reference herein all allegations previously made in Paragraphs 1 through 62, above.

63.     At all relevant times, AstraZeneca had a contract with Plaintiff to pay her established bonuses for the work she performed.

64.     The terms of the bonus entitlement are incorporated by reference, as if fully stated herein, and are attached as Exhibit 2 to this Complaint.

65.     The relevant terms of the PEA are that Plaintiff would be paid, on an annual basis: (i) a set salary (starting at $181,000); (ii) a performance bonus of up to 25 percent of her salary; and (iii) stock grants of up to 40 percent of salary.

66.     Plaintiff duly performed all obligations and conditions precedent to all benefits she was owed under the bonus plan, including bonus(es).

67.     Despite Plaintiff duly earning her bonus(es), AstraZeneca refused to pay it.

68.     Pursuant to Labor Code sections 200, *et seq.*, bonuses are wages.

69.     As a result of AstraZeneca's conduct, Plaintiff has been damaged in that she has not been paid all wages due and owing her totaling, plus interest.  Plaintiff also continues to suffer losses related to the use and enjoyment of wages including lost interest on all wages in amounts according to proof at trial.

WHEREFORE Plaintiff prays for judgment against AstraZeneca, as set forth herein.

## SEVENTH CAUSE OF ACTION

### (Waiting Time Penalties)

Plaintiff re-alleges and incorporates by reference herein all allegations previously made in Paragraphs 1 through 69, above.

70.     California Labor Code §201 requires AstraZeneca to pay its employees all wages

10

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

due immediately upon discharge, or within seventy-two (72) hours of quitting without notice.

71.     California Labor Code §203 provides that where an employer willfully fails to make such timely payment, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days' wages.

72.     Plaintiff's employment with AstraZeneca terminated without her being paid all wages and other benefits she had earned up to the date of her termination.

73.     AstraZeneca's failure to pay Plaintiff's earned wages was willful, in that the company knew that Plaintiff had earned bonuses that she was never fully paid.

74.     As a result of AstraZeneca's conduct, Plaintiff is entitled to waiting time penalties in the amount of up to thirty (30) days' wages under Labor Code §203, together with interest thereon and reasonable attorney's fees and costs.

WHEREFORE Plaintiff prays for judgment against AstraZeneca, as set forth herein.

### PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff SHERI JEPSEN demands a jury trial and damages against Defendant ASTRAZENECA PHARMACEUTICALS LP, as follows:

1.     Compensatory damages according to proof, including, but not limited to, all wages, salary, bonuses and other benefits Plaintiff earned during her employment with BACD (or would have earned, absent Defendants' misconduct);

2.     Emotional distress damages, subject to proof;

3.     Civil and/or statutory penalties;

4.     Reasonable attorneys' fees and costs, and costs of suit occurred herein;

5.     Restitution and/or disgorgement of all compensation, benefits or other amounts wrongfully obtained and/or withheld;

6.     Punitive damages;

7.     Waiting time penalties;

8.     Interest, including prejudgment interest, at the appropriate legal rate; and

11
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

9.     For such other and further relief as the court may deem just and proper.


Dated: September 16th, 2020                                    NELSON LAW GROUP


                                              By: _____
                                                          Robert S. Nelson

                                                    Attorneys for Plaintiff
                                                    SHERI JEPSEN

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# **<u>EXHIBIT 1</u>**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    *GAVIN NEWSOM, GOVERNOR*

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 16, 2020

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202009-11269216
      Right to Sue: Jepsen / AstraZeneca Pharmaceuticals LP

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Sheri Jepsen                                                    DFEH No. 202009-11269216

                                         Complaimant,

vs.

AstraZeneca Pharmaceuticals LP.
1800 Concord Pike
Wilmington, Delaware 19850

                                         Respondents

_____

1. Respondent **AstraZeneca Pharmaceuticals LP** is an **employer AstraZeneca Pharmaceuticals LP** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.
3. Complainant **Sheri Jepsen**, resides in the City of **Clovis**, State of **California**.

4. Complainant alleges that on or about **March 25, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental) and as a result of the discrimination was demoted, denied reasonable accommodation for a disability.

**Complainant experienced retaliation** because complainant requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was demoted, denied reasonable accommodation for a disability.

**Additional Complaint Details:** Claimant worked for Respondent for more than 5 years. Prior to 2019, Claimant always received satisfactory performance reviews. In February 2019, Claimant was diagnosed with severe depression. She notified her manager shortly thereafter. In May 2019, Claimant then took medical leave pursuant to the California Family Rights Act ("CFRA"). She was demoted the very day she returned from that leave, on August 19, 2019, and was then constructively discharged a few months later, on March 25, 2020.

-1-
*Complaint – DFEH No. 202009-11269216*

Date Filed: September 16, 2020

1  VERIFICATION

2  I, **Robert S. Nelson**, am the **Attorney** in the above-entitled complaint.  I have read

3  the foregoing complaint and know the contents thereof.   The matters alleged are
   based on information and belief, which I believe to be true.

4
   On September 16, 2020, I declare under penalty of perjury under the laws of the State

5  of California that the foregoing is true and correct.

6                                                                  **San Francisco, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                           -2-
                                *Complaint – DFEH No. 202009-11269216*

28  Date Filed: September 16, 2020

# **<u>EXHIBIT 2</u>**



**MedImmune**

One MedImmune Way
Gaithersburg, Maryland 20878
Phone: 301-398-0000

*00016442*

August 13, 2014

By: Electronic Mail

Sheri Jepsen
3803 Serena Ave
Clovis, California 93619

Dear Sheri,

On behalf of MedImmune, I am pleased to extend this offer to you for the position of Director, Field Reimbursement, reporting to Blaine Pierce Squires, with an anticipated start date of September 2, 2014, pending completion of all pre-employment requirements.

Your annual salary will be $181,000.04 paid on a bi-weekly basis at the rate of $6,961.54. You will be eligible to participate in the Performance Bonus Program at a target rate of 25% in accordance with the terms and conditions of the Plan as well as eligible to participate in the Company's Long-Term Incentive Plan (LTIP) grant at a target rate of 40% of your base salary in the next appropriate award nomination cycle. Eligibility for long-term incentives is subject to review and may change each year. A guarantee of approval cannot be made to any MedImmune employee.

In addition, all employees, citizens and non-citizens, hired after November 6, 1986 must provide proof of employment eligibility and identity by completing Form I-9, Employment Eligibility Verification. You will be required to complete Section 1 of Form I-9 no later than your first day of employment and to provide acceptable I-9 documents to prove your identity and employment eligibility no later than your third day of employment. You will receive a list of acceptable documents on or before your first day of employment.

We must receive confirmation of your acceptance and your completed employee information sheet before we will confirm your start date and begin your on-boarding process. Please indicate your acceptance of our offer as set forth in this letter using the e-signature link provided in your offer email. This offer will expire within fourteen (14) business days from the date of this letter. However, to maintain the anticipated start date of September 2, 2014, you must accept via e-signature within two (2) business days. If there is a

reason you require a longer decision period please notify me prior to the expiration of this offer. Also, we ask that you print, sign, and bring a copy of this letter with you on your first day of employment.

This offer is contingent upon the satisfactory screening of your references, completion of a background check, a pre-employment physical and/or a drug screen. We look forward to you joining our team, and hope you consider this as an opportunity to contribute towards the MedImmune goal to be the next revolutionary force in biotechnology.

If you have any questions, please feel free to email AshkerA@MedImmune.com or call Amy Ashker at 301-398-2915.

Very truly yours,

Amy Ashker
Human Resources

In our search for new medicines for important areas of healthcare, MedImmune is committed to innovative, high quality scientific studies, conducted to high ethical standards. Animal studies continue to play a small but vital role in the research and development of new and improved medicines. The welfare of the animals we use is a top priority. We may also use human embryonic stem cell lines in our research programs. Before accepting our offer, please ensure you are comfortable with this. If you would like to know more about these topics, please visit: http://www.astrazeneca.com/Responsibility/Research-ethics/Animal-research

I understand that my employment with MedImmune is considered at will, meaning that either the company or I may terminate this employment relationship at any time with or without cause or notice.

Accepted and agreed by:

Sheri Jepsen_____
Candidate Name

Aug 13, 2014 01:42 pm_____
Date of Acceptance Signature

Accepted_____

# **EXHIBIT 3**



**MedImmune**

<u>EMPLOYEE AGREEMENT</u>

In consideration of my employment by MEDIMMUNE, LLC, or one of its affiliates, subsidiaries, or their respective successors and/or assigns, as the case may be (collectively, the "Company") and the compensation paid to me by the Company, I hereby agree that:

1. **Protected Property.**

   A. Any invention, discovery, improvement, idea or expression of idea, in whatever form and whether or not patentable or copyrightable, I may make or conceive, alone or with others, during the period of my employment with the Company (collectively, the "Protected Property") shall be deemed to be "works made for hire" pursuant to the copyright and other applicable laws of the United States and all relevant non-U.S. jurisdictions and shall be the exclusive property of Company.

   B. To the extent that it is determined by any authority having jurisdiction that any of the Protected Property does not constitute a "work made for hire" pursuant to applicable law, I hereby assign to Company all of my right, title and interest in and to such Protected Property, in perpetuity (or for the longest period of time otherwise permitted by law).

   C. I will make full and prompt disclosure in writing to an official of the Company, or to anyone designated for that purpose by the Company, of any Protected Property I may make or conceive, alone or with others, during the term of my employment with Company.

   D. At the request and expense of Company, but without further compensation to me, I will do such acts, and sign and deliver such documents, as Company considers necessary to protect its rights to such Protected Property.

   E. I understand that Company's policy is to release to the employee any Protected Property developed by the employee which is not of interest to Company, subject to the retention by Company of an irrevocable, non-exclusive, royalty-free license to use such Protected Property. I also understand that Company will have the sole right to determine whether any Protected Property is or is not of interest to Company.

   F. The provisions of paragraphs 1(A) through (E) of this Agreement shall not apply to any invention, discovery, improvement, idea or expression of idea made or conceived by me prior to my employment with Company which is (i) embodied in a United States Letters Patent or Copyright Registration or an application for United States Letters Patent or Copyright Registration filed prior to the commencement of my employment (as listed in an attachment hereto); (ii) in the physical possession of a former employer which owns it (as listed in an attachment hereto); or (iii) disclosed in detail in an attachment hereto.

2. **Confidentiality.** Because my work will include Company knowledge and information of a private, confidential, or secret nature, I will not, except as required in the conduct of Company's business or as authorized in writing by Company, publish, disclose, or make use of, or authorize anyone else to publish, disclose or make use of, any such knowledge or information, either during or following termination of my employment with Company.

3. **Records and Other Items.** I will keep and maintain adequate written records of my work and Protected Property at all times and stages, in the form of notes, sketches, drawings, memoranda and reports. Those records shall be and remain the property of and be available to Company at all times. All items given to me by Company for purposes of my employment, such as office equipment, will be and remain the exclusive property of Company and will be delivered by me to Company on termination of my employment or at any other time requested by Company.

4. **Property Rights of Others.** I will not disclose or cause others to disclose to Company any information which I believe to be the property of other individuals or companies.

5. **Non-competition.** While I am employed by Company, I shall not, either directly or indirectly, compete or prepare to compete with Company in the development, production, marketing or servicing of any product or service with which Company is involved during my employment with Company, nor will I aid or become associated with others involved in any such acts.

6. **Non-solicitation.** I agree that, during my employment with Company and for a period of two years following termination of my employment with Company, I will not solicit, interfere with or endeavor to entice away from Company any of its employees or customers.

7. **Reaffirmation of Agreement.** Upon termination of my employment with Company, I will, if requested by Company, reaffirm in writing all of the obligations set forth in this Agreement.

8. **Arbitration** I understand and agree to have resolved by arbitration any and all disputes arising from or relating to my employment with Company, my application for such employment, my termination of such employment or post-employment issues with Company. These include:

A. claims relating to any discrimination on the basis of age, race, color, sex, religion, national origin, disability, retaliation, marital status, veteran status, sexual orientation or any other claim of employment discrimination under the Age Discrimination in Employment Act (29 U.S.C. §621 et seq.), the Americans with Disabilities Act (42 U.S.C. §12101 et seq.), Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.); Article 49B of the Maryland Annotated Code; or any other federal, state or local prohibition against discrimination in the above protected or similar categories;

B. claims under the Employee Polygraph Protection Act of 1988 (29 U.S.C. §2001 et seq.); the Family and Medical Leave Act of 1993 (29 U.S.C. §2601 et seq.); the Fair Labor Standards Act of 1938 (29 U.S.C. §201 et seq.); the Occupational Safety and Health Act of 1970 (29 U.S.C. §651 et seq.); the Uniformed Services Employment and Reemployment Rights Act of 1994 (38 U.S.C. §4301 et seq.); the Worker Adjustment and Retraining Notification Act (29 U.S.C. 2101 et seq.);



C. claims for breach of an express or implied contract or tort claims;

D. potential claims for unfair competition, trade secret violations, or unauthorized disclosures of confidential information;

E. claims for benefits under the Employee Retirement Income Security Act (29 U.S.C. §1001 et seq.), except claims under an employee pension or benefit plan which specifies that its claims procedure shall culminate in an arbitration procedure different from this one, or is underwritten by a commercial insurer which decides such claims.

The provisions of this Paragraph 8 will not apply to any claim, dispute or controversy relating to the ownership of Protected Property. The place of arbitration shall be Gaithersburg, Maryland. Procedures and other pertinent matters relating to this arbitration process with Company are described in more detail in Company's Policies and Procedures, which are available on Company's website.

9. **Choice of Law.** This Agreement is governed by the laws of the United States (where applicable) and the State of Maryland.

10. **Employment at Will.** I understand that my employment by Company is at will. This means that Company or I can terminate my employment with Company at any time for any reason, with or without cause and with or without notice.

IN WITNESS WHEREOF, I have hereunto set my hand this 13 day of August, 2014.

Sheri Jepsen
_____
e-Signature of Employee

Sheri Jepsen_____
Name of Employee