# EXHIBIT C

1  MORGAN, LEWIS & BOCKIUS LLP
   Melinda S. Riechert, Bar No. 65504
2  1400 Page Mill Road
   Palo Alto, California 94304
3  Tel: +1.650.843.4000
   Fax: +1.650.843.4001
4  melinda.riechert@morganlewis.com

5  MORGAN, LEWIS & BOCKIUS LLP
   Amy A. McGeever, Bar No. 296758
6  One Market, Spear Street Tower
   San Francisco, California 94105-1596
7  Tel: +1.415.442.1000
   Fax: +1.415.442.1001
8  amy.mcgeever@morganlewis.com

9  Attorneys for Defendant
   ASTRAZENECA PHARMACEUTICALS, LP
10

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON        10/21/2020
By        /s/ Una Finau
          **Deputy Clerk**

11                SUPERIOR COURT OF CALIFORNIA
12                   COUNTY OF SAN MATEO
13

14  SHERI JEPSEN, an individual,              Case No.:  20-CIV-03967
15                     Plaintiff,             **DEFENDANT'S ANSWER TO**
                                              **PLAINTIFF SHERI JEPSEN'S**
16            vs.                             **COMPLAINT FOR DAMAGES**
17  ASTRAZENECA PHARMACEUTICALS, LP,          Action Filed:   September 16, 2020
    a limited partnership; and DOES 1 through 10,
18  inclusive,
19                     Defendants.
20

21        Defendant AstraZeneca Pharmaceuticals, LP ("Defendant"), by and through its

22  undersigned counsel, hereby Answers, without waiving its right to compel arbitration, the

23  unverified Complaint of Plaintiff Sheri Jepsen ("Plaintiff") as follows:

24                        **GENERAL DENIAL**

25        Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies, generally

26  and specifically, each and every allegation in the Complaint, each and every purported cause of

27  action set forth therein, and the whole thereof.  Defendant further denies, generally and

28  specifically, that Plaintiff has been damaged in any manner or suffered, incurred, or will suffer

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 39694598.1

any injury, damage or loss by reason of any act, omission to act, or any conduct, whether intentional or otherwise, on the part of Defendant.

## DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed preparation for trial.  The defenses asserted herein are based on Defendant's knowledge, information, and belief at this time.

Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time.  Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant avers the following defenses and/or affirmative defenses to Plaintiff's Complaint, and prays for judgment as set forth below:

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration – as to Complaint)

1.      Plaintiff's claims are barred because she is contractually bound to arbitrate all claims against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action – as to Complaint)

2.      Plaintiff's Complaint, and each claim contained therein, fails to state facts sufficient to constitute any cause of action or to set forth a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

### (One Satisfaction – as to Complaint)

3.      The claims of Plaintiff are barred, in whole or in part, because Plaintiff's Complaint, and each cause of action therein, impermissibly seek to recover under multiple or different theories for the same or similar alleged unlawful acts.

## FOURTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction – as to Sixth and Seventh Causes of Action)

4.      Plaintiff's claims, or some of them, are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

**FIFTH AFFIRMATIVE DEFENSE**

**(Legitimate Business Purpose – as to First, Second, Third, and Fourth Causes of Action)**

5.     Plaintiff's claims are barred, in whole or in part, because Defendant had an honest, good faith belief that all decisions with respect to Plaintiff's employment were made by Defendant solely for legitimate, non-discriminatory, business-related reasons, which were reasonably based upon the facts and business needs as Defendant understood them.

**SIXTH AFFIRMATIVE DEFENSE**

**(Mixed Motives - as to First, Second, Third, and Fourth Causes of Action)**

6.     Plaintiff's claims are barred, in whole or in part, to the extent that discrimination, harassment and/or retaliation was a motivating factor in the decisions affecting Plaintiff's employment, Defendant alleges that legitimate reasons, standing alone, would have induced Defendant to make the same employment decisions.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate - as to First, Second, Third, and Fourth Causes of Action)**

7.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate her damages and, to the extent of such failure, any damages awarded should be reduced accordingly.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Statutory Requirements - as to First, Second, Third, and Fourth Causes of Action)**

8.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to satisfy the statutory prerequisites to suit, and to timely and/or properly exhaust her administrative remedies with the appropriate administrative agencies of the State of California and of the United States.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 39694598.1

- 3 -
DEFENDANT'S ANSWER TO COMPLAINT

### NINTH AFFIRMATIVE DEFENSE

**(Exceeds Scope of Administrative Charge - as to First, Second, Third, and Fourth Causes of Action)**

9.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's allegations exceed the scope of any Complaint Plaintiff filed with the appropriate administrative agencies of the State of California and of the United States.

### TENTH AFFIRMATIVE DEFENSE

**(Nondiscriminatory Reason for Adverse Action - First, Second, Third, and Fourth Causes of Action)**

10.     Plaintiff's claims are barred, in whole or in part, because any alleged adverse employment action against Plaintiff, if such an action occurred, was based on reasons other than her alleged exercise of rights under the California Family Rights Act and/or the Family and Medical Leave Act.

### ELEVENTH AFFIRMATIVE DEFENSE

**(No Willful Violation – as to Fifth, Sixth, and Seventh Causes of Action)**

11.     As a separate affirmative defense to the Complaint, Defendant contends that if Defendant is found to have failed to pay any amount due to Plaintiff, which Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief that it had complied fully with its obligation to pay Plaintiff all wages due.  Consequently, Defendant's conduct was not willful within the meaning of Section 203 of the California Labor Code.

### TWELFTH AFFIRMATIVE DEFENSE

**(No Basis for Award of Punitive Damages - as to First, Second, Third, and Fourth Causes of Action)**

12.     Plaintiff's allegations fail to state facts sufficient to support an award of punitive damages against Defendant.

### RESERVATION OF RIGHTS

Certain additional affirmative defenses to the Complaint, or to Plaintiff's purported causes of action, may be available to Defendant.  However, these additional affirmative defenses require discovery and/or are unknown before they can be properly alleged.  Defendant will move to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 39694598.1            DEFENDANT'S ANSWER TO COMPLAINT

1   amend its Answer, if necessary, to allege such affirmative defenses once they have been

2   ascertained or according to proof at that time.

3                                    **PRAYER FOR RELIEF**

4          **WHEREFORE**, Defendant requests the following relief:

5          1.      That Plaintiff takes nothing by reason of the Complaint, and that the Complaint be

6   dismissed;

7          2.      That Plaintiff's Complaint and each cause of action contained therein be dismissed

8   against Defendant with prejudice;

9          3.      That Defendant be awarded its reasonable costs and attorneys' fees incurred by

10  this action; and

11         4.      For such other and further relief as the Court may deem just and proper.

12  Dated: October 21, 2020                    MORGAN, LEWIS & BOCKIUS LLP

13

14                                             By
                                                  Melinda S. Riechert
15                                                Amy A. McGeever

16                                                Attorneys for Defendant
17                                                ASTRAZENECA PHARMACEUTICALS, LP

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 39694598.1                                    - 5 -
                                    DEFENDANT'S ANSWER TO COMPLAINT

## PROOF OF SERVICE

I, Robin Onaka, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is One Market, Spear Street Tower, San Francisco, CA 94105-1596. On October 21, 2020, I served copies of the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF SHERI JEPSEN'S
COMPLAINT FOR DAMAGES**

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐   by placing the document(s) listed above in sealed envelopes with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐   by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒   by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Robert S. Nelson, SBN 220984        *Attorneys for Plaintiff Sheri Jepsen*
NELSON LAW GROUP
345 West Portal Avenue, Suite 110
San Francisco, CA 94127
rnelson@nelsonlawgroup.net

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on October 21, 2020, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Robin Onaka_
_____
Robin Onaka

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 39694598.1      DEFENDANT'S ANSWER TO COMPLAINT