ROBERT S. NELSON, SBN 220984
NELSON LAW GROUP
rnelson@nelsonlawgroup.net
345 West Portal Avenue, Suite 110
San Francisco, California 94127
Telephone:   (415) 702-9869
Facsimile:   (415) 592-8671

Attorneys for Plaintiff
SHERI JEPSEN

MORGAN, LEWIS & BOCKIUS LLP
Melinda S. Riechert, Bar No. 65504
1400 Page Mill Road
Palo Alto, California 94304
Tel: +1.650.843.4000
Fax: +1.650.843.4001
melinda.riechert@morganlewis.com

Attorneys for Defendant
ASTRAZENECA PHARMACEUTICALS, LP

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHERI JEPSEN,<br><br>        Plaintiff,<br>     v.<br><br>ASTRAZENECA PHARMACEUTICALS, LP,<br><br>        Defendant. | CASE NO. 20-cv-07428-YGR<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER**<br><br>Date:  January 4, 2021<br>Time:  2 p.m.<br>Dept.:  Zoom Webinar |

Plaintiff SHERI JEPSEN ("Plaintiff") and Defendant ASTRAZENECA PHARMACEUTICALS, LP ("Defendant") hereby submit this Joint Case Management Conference Statement and [Proposed] Case Management Order ("Joint CMCS") and request that the Court adopt it as its scheduling order in this case.

Per the Clerk's Notice Setting Case Management Conference, the parties met and conferred through lead counsel on December 22, 2020. During that conference, counsel conferred about all of the matters enumerated in both Fed. R. Civ. P. 26(f) and the Standing Order for All

Judges of the Northern District of California – Contents of Joint Case Management Statement.

The specific topics the parties conferred about, and the agreements or arrangements they made for each topic, are as follows:

**1. Jurisdiction and Service.**

The parties agree that this court has jurisdiction since the case was removed from the San Mateo County Superior Court. Defendant has been served with and answered the complaint. Defendant contends that Plaintiff signed an arbitration agreement and is required to arbitrate this dispute, and anticipates filing a motion to compel arbitration. Plaintiff contends that the arbitration agreement is unenforceable. Defendant is also deciding whether to seek transfer of this case to the Eastern District of California based on the fact that Plaintiff was employed in and a resident of Fresno County for the entire duration of her employment. Plaintiff opposes such a transfer.

**2. Facts.**

**a.     Plaintiff's Assertions**

Plaintiff was formerly employed by Defendant in a director-level position. In September 2018, Defendant asked Plaintiff to participate in a job cross-training program whereby she would switch positions with another employee for a specified period. Defendant promised there would be no change to Plaintiff's compensation or other benefits during the swap.

In February 2019, Plaintiff was diagnosed with severe depression and began seeing a therapist. Shortly thereafter, she took a medical leave pursuant to the federal Family Medical Leave Act ("FMLA") and/or the California Family Rights Act ("CFRA") until late August 2019. The day she returned to work, Plaintiff was informed that she would not return to her prior job but would instead be demoted. She was also told that she would also receive a lower bonus than she would otherwise have been entitled to had she remained in her prior job.

Plaintiff thereafter resigned via a constructive discharge. She is claiming discrimination, retaliation and failure to accommodate, pursuant to the California Fair Employment and Housing Act; breach of contract and unpaid wages, pursuant to California Labor Code §201; and waiting time penalties, pursuant to California Labor Code §203.

**b.     Defendant's Position**:

Plaintiff returned from a leave of absence in August 2019, shortly before the end of her participation in a job swap program. Plaintiff was offered a position as Field Reimbursement Manager, which she accepted. She signed an offer letter dated August 21, 2019.  As explained in the offer letter, this new position paid her the same salary as her prior position.  The offer letter also laid out the details of her participation in the company's short term incentive plan and Long Term Incentive Plan. In March 2020, Plaintiff quit her position at Defendant and took a job at Seattle Genetics.

**3.   Legal Issues.**

**a.     From Plaintiffs**

- Was Plaintiff demoted because of her medical condition, and/or because she took FMLA/CFRA leave?
- Did Defendant fulfill its obligation to engage in an interactive process with Plaintiff to determine a potential disability accommodation?
- Were the circumstances of Plaintiff's demotion sufficient to constitute a constructive discharge?
- Was Plaintiff entitled to the same bonus she would have received in her director position, prior to accepting the job swap?
- Did Defendant willfully fail to pay Plaintiff the full bonus she was owed?

**b.     Defendants' Position**

- Was Plaintiff demoted?
- Did Plaintiff agree to the terms of the new position offered to her?
- Was Plaintiff's leave of absence or medical condition a substantial factor in the decision to offer her the new position?
- Did Plaintiff ask for any accommodations other than the leave of absence which she was granted?
- Did Plaintiff's decision to quit her job constitute a constructive discharge?
- What is the amount of Plaintiff's damages?

**4. Motions.**

Plaintiffs' Position

There are no pending motions at this time. Plaintiff also does not anticipate bringing any motions before trial.

Defendants' Position

Defendant intends to file a motion to compel arbitration and is also considering a motion to transfer to the Eastern District of California. If this case stays in court, Defendant intends to file a motion to summary judgment.

**5. Amendment of Pleadings.**

Plaintiffs' Position

Plaintiff does not presently anticipate amending her complaint.

Defendants' Position

Defendant does not anticipate amending its answer to the complaint.

**6. Evidence Preservation.**

The parties have taken required and reasonable steps to preserve evidence.

**7. Disclosures.**

The parties have stipulated to make all disclosures required by Fed. R. Civ. P. 26. The disclosures will be exchanged on or before January 15, 2021.

**8. Discovery.**

The parties do not anticipate any need for discovery beyond the presumptive limits imposed by the Federal Rules of Civil Procedure or this Court's Local Rules.

**9. Related Cases.**

The parties are not aware of any current cases potentially related to this one.

**10. Relief Sought.**

Plaintiff is seeking lost wages for the time she was unemployed after her termination; compensatory and punitive damages; the bonus difference she should have received, had she remained in her prior position; and waiting time penalties.

**11. Settlement and ADR.**

The parties have complied with the ADR certification requirements of Civil L.R. 16-8(b).

Plaintiffs' Position

Plaintiff consents to private mediation at a date/time, and with a mediator, that the parties' mutually choose.

Defendants' Position

Plaintiff has made a settlement demand and Defendant has requested information from regarding the amount of her lost wage claim and copies of her medical records.  Once Defendant receives this information it will respond to Plaintiff's demand.  Defendant believes it is too early to engage in ADR.

**12. Consent to Magistrate Judge.**

Defendant did not consent to a Magistrate Judge to this case.

**13. Other References.**

This case is not appropriate for reference to any other adjudicative or arbitrative panels.

**14. Narrowing of Issues.**

The parties do not believe that the issues in this case can be narrowed any further than they have been.

**15. Expedited Schedule.**

The parties agree that this case is not amenable to expedited scheduling with streamlined procedures.

**16. Scheduling.**

The parties propose the following dates for trial-related deadlines assuming this case stays in this court:

- Fact discovery cut-off, September 25, 2021;
- Hearing of dispositive motions, November 11, 2021;
- Disclosure of expert witnesses, February 18, 2022;
- Designation of rebuttal experts, March 25, 2022;
- Pretrial conference, April 28, 2022; and

- Trial, May 16, 2022, or thereabout.

**17. Trial.**

The parties request that trial in this case be scheduled no earlier than May 16, 2022, or thereabout.

**18. Disclosure of Non-party Interested Entities or Persons.**

There are no other interested entities or parties.

Dated: December 28, 2020                                MORGAN, LEWIS & BOCKIUS LLP

By:   */S/ Melinda S. Riechert*
      Melinda S. Riechert
      Attorneys for Defendant
      ASTRAZENECA PHARMACEUTICALS, LP

DATED:  December 28, 2020                               NELSON LAW GROUP

By:   */S/ Robert S. Nelson*
      ROBERT S. NELSON
      Attorneys for Plaintiff
      SHERI JEPSEN

<u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

In addition, the Court makes the further orders stated below:

IT IS SO ORDERED.

Dated:

_____
HON. YVONNE GONZALEZ ROGERS